OPINION
{¶ 1} Appellant, John Iser, III, appeals from the December 9, 2005 judgment entry of the Trumbull County Court of Common Pleas, which sentenced him to three years and eleven months in prison.
 {¶ 2} Appellant was secretly indicted on January 15, 2003, for counts one and three, trafficking in cocaine, fifth degree felonies, in violation of R.C. 2925.03(A)(1) and (C)(4)(a); count two, possession of cocaine, a fifth degree felony, in violation of R.C. 2925.11(A) and (C)(4)(a); and count four, possession of cocaine with forfeitures, a first degree felony, in violation of R.C. 2925.11(A) and (C)(4)(e), and R.C. 2925.42(A)(1)(b).
 {¶ 3} A jury trial commenced on February 2, 2004, at which time the trial court dismissed the two trafficking counts, and renumbered the remaining counts as count one, possession of cocaine, a fifth degree felony, in violation of R.C. 2925.11(A) and (C)(4)(a), and count two, possession of cocaine with forfeitures, a first degree felony, in violation of R.C.2925.11(A) and (C)(4)(e), and R.C. 2925.42(A)(1)(b). After both sides had rested, and upon motion of the prosecutor, count two was amended to possession of crack cocaine with forfeitures, a first degree felony, in violation of R.C. 2925.11(A) and (C)(4)(e), and R.C. 2925.42(A)(1)(b). The jury returned guilty verdicts on both counts.
 {¶ 4} A sentencing hearing was held on March 11, 2004. In a judgment entry dated April 5, 2004, the trial court sentenced appellant to eleven months in prison on count one, and a mandatory three-year prison term on count two, with the sentences to be served consecutively. Appellant was ordered to pay a mandatory $10,000 fine, and his driver's license was suspended for six months.
 {¶ 5} Pertinent to the case sub judice, appellant appealed his consecutive sentence and his more than the minimum sentence. On October 21, 2005, this court reversed and remanded for resentencing.
 {¶ 6} The trial court held a resentencing hearing on December 1, 2005. At the hearing, and in its December 9, 2005 judgment entry, the trial court sentenced appellant to the exact same sentence it had imposed at the initial sentencing hearing. It is from this judgment that appellant filed a timely notice of appeal, and raised the following two assignments of error:
 {¶ 7} "[1.] Appellant's sentence of consecutive terms, imposed pursuant to R.C. 2929.14(E)(4), violates his Sixth Amendment right to a jury trial.
 {¶ 8} "[2.] Appellant's sentence of eleven months for a felony of the fifth degree, imposed pursuant to R.C.2929.14(E)(4), violates his Sixth Amendment right to a jury trial."
 {¶ 9} Appellant's assignments of error challenge the consecutive sentence he received, and are impacted by the recent decision of the Supreme Court of Ohio in State v. Foster,
109 Ohio St.3d 1, 2006-Ohio-856. In sentencing appellant, the trial court relied upon judicial fact-finding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio in Foster. On that basis, appellant's assignments of error are with merit.
 {¶ 10} In Foster, at paragraph three of the syllabus, the Supreme Court held that R.C. 2929.14(E)(4) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant to Apprendi v. NewJersey (2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296.
 {¶ 11} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(E)(4). After severance, judicial fact-finding is not required before imposing consecutive sentences. Foster at paragraph four of the syllabus.
 {¶ 12} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 13} The sentence imposed by the Trumbull County Court of Common Pleas is vacated. This case is reversed and remanded for resentencing for further proceedings consistent with this opinion pursuant to Foster.
O'Neill, J., O'Toole, J., concur.